case number 25-2060. Good morning. Good morning. May it please the court. Good morning, your honors. I want to start by thanking this panel for taking us so promptly on behalf of my client who is currently on trial. We really appreciate it. I only have four minutes in my opening, so I'm going to try to make three points and not repeat what's already in the submissions, your honors. My first point is a legal one. We submit, your honor, that there's a question for this court of statutory construction as the meaning of 1342I and how the legal analysis under 1342I should be structured as a legal matter. This Court has stated and the Supreme Court has stated that under the canons of construction, Congress is presumed to mean to have for every statutory provision to have meaning. And Congress here, in addition to 3142F, which I know this Court is very familiar with, added to the statute 3142I, the provision providing for temporary release. By definition, any defendant who's seeking relief under this provision is already detained. It's the only way it can be triggered. And yet, when you look at the cases in this case as well, essentially what happened is the magistrate judge in the district court revoked bail under 3142F, then had a second proceeding in which there was an application to reopen bail under 3142F to B, and it was denied. And temporary release was, this application was made. And if you trace through the analysis that was done initially by the magistrate judge and adopted by the district court, it's treated as a motion for reconsideration, in effect, which effectively reads 3142I out of the statute. Because you're saying the response to being, making this motion is you were detained. Well, you were detained.  And we submit, as we set forth in our papers, that the proper guidance, and we were not able to find guidance from this Court on this, the proper way to construe this language to give it meaning and not have it be a nullity is to give more weight to the language of the statute which says necessary for preparation for trial. May I ask a question? You started by saying the case is now on trial? Yes, Your Honor. How far has it gone? We selected a jury on January 8th and 9th. January? It feels like January. No, I just wanted to make sure. No, sure. September 8th and 9th? Happy to update the Court. We selected, we had jury selection on September 8th and 9th. In fact, we went through the entire veneer on the 8th. All right. How far along are you in trial? How many days have you been? The jury was sworn on Monday, and we began testimony on Monday. Okay. We're off today. I'm asking this because, you know, the government takes the position that Judge Azraq, Judge Wicks, have made efforts to ensure that your client is able to consult with counsel and all that. Why isn't this whole question of whether it was adequate, whether your client was effectively denied effective assistance of counsel, something that we would consider if and when he's convicted? Because of the language of 3142R, Your Honor. It's appropriate to raise it now. And Your Honor's question leads to my second point. You know, necessarily, first of all, unlike the, there aren't many cases on this provision, but unlike many of the others, this application was not made months and months before trial. It was made two or three weeks before trial. And necessarily then, the parties and the Court had to make predictions about what might happen. We don't have to make those predictions anymore. We have a lived-in experience. My client, it's a very unusual situation, Your Honor. As we all know, 90% of the cases are resolved by plea. We have a client on trial in a 21-count indictment where he's facing a substantial sentence if convicted, potentially a life sentence, who happens to be housed in D.C. Brooklyn for a trial in Central Iceland. He's woken up. That's not unusual. Well. All right. Let me ask you. I mean, except as a given, I won't ask you to attest to it, that your client is not someone who would ordinarily be admitted to bail. Having been admitted to bail and engaged in repeated criminal conduct, threats of witnesses, attempted bribery, that's what the government's position is. So let's assume that but for this statute, we wouldn't be talking about your client's release on bail. Now, the district judge, hearing complaints about the adequacy of consultation with counsel, did try to make some efforts. What more do you want to be able to consult with your client? Sure, Your Honor. Let's assume release on bail is not an option because of your client's strong danger that he presents. What more do you need to have effective consultation with your client? Well, two responses to that, Your Honor. Our application is for release. I understand that. And if I can just quickly go through the lived-in experience, and I think that leads to an answer to Your Honor's question. I have a client who's woken up at 5 in the morning, shackled, driven 2 hours to Central Iceland, which is the distance from New York City to Philadelphia, where he cannot read anything. He comes to the courthouse. I have 5 minutes to speak with him. We then begin the trial day. I have 5 minutes to speak with him at lunch, where he's given 2 slices of bread and a bag of sardines, no water. Even in the Middle Ages, they got water and bread. I then have 5 minutes after court, unlike a trial if we were in Brooklyn or here in the Southern District, where you can speak with your client after court. Well, have you applied to Judge Azraq to have more time to talk to your client? You're saying that you only have 5 minutes in these different intervals. Have you asked Judge Azraq, I need 40 minutes, I need a half an hour, I need whatever? Have you made applications to Judge Azraq for what you say would be adequate time? We have asked for—this goes back to the middle of July. We've asked for various forms of relief, and this is, of course— Now that you're on trial and you see that you're only—have you asked her, Judge, can we start trial—what time is she starting trial? We're starting at 9.30. Okay. Have you asked her, can we start at 10? Can we start at 10.15? The court has been very clear that the court is going to start at 9.30. Have you asked? We have not asked that question, Judge. The other thing, as your Honors know, I know your Honors have tried cases, and you've presided over many trials. The ability to speak with your client after court for a meaningful period of time about what happened that day, who's coming next, how to move forward, it cannot be replaced, as the government suggests, by trying to go see the client in the limited hours available on the weekend. Let me ask you about the first legal question that you raised. Sure. Yes, Judge. Can you point our attention, obviously, to 3142i? And I take it what you're saying is that—I just want to be very clear and make sure that I fully understand what you're saying is that there was never a determination specifically under 3142i. It was more, broadly speaking, the determination that we're all accustomed to related to dangerousness to the community, risk of flight, and so on. Exactly. And so you have us assign error to that. Right. Is that— That's right. And that's the legal question of how should this analysis be structured to give 3142i a meaning. Otherwise, it doesn't have one. Is there a circumstance under which someone might be deemed or determined to be— and this, just to be upfront, it's sort of a harmlessness analysis. Is there a circumstance where someone might be deemed or determined to be a danger to the community or a substantial risk of flight but would nevertheless be released under 3142i? Well, that's our argument, exactly, that they should be. But the way the analysis is now structured, you're basically redoing the 3142f analysis, which, by definition, the person's already been detained. I'm not sure I understood your answer. Do you think that someone who's a danger—we'll just assume no one disputes that— you're saying that under 3142i, if there's a problem with him communicating with counsel, he still has to be released? Subject to appropriate conditions, yes. Subject to appropriate conditions. All right. Well, let's assume for argument that all the conditions you've proposed for your client were put into place and yet he managed to continue to perpetrate the scam in whatever way he effected that. You're saying that—what happens at that point? I mean, that's a hypothetical situation, Your Honor. Well, it's not far removed from what happened here with your client's conduct. We submit that the conditions we proposed are, as far as we can tell, among the strictest that have been proposed in this circuit. And any time you're dealing with a question of bail, even if it's a traditional 3142f analysis that we're all more familiar with, you're dealing with the possibility that conditions might not be followed. But if that were the test, no one could get bail. And the Bail Reform Act is in favor of bail. We've got your argument. You've also reserved some time for rebuttal. Thank you. We gave you twice the amount of time, but that's— I appreciate it. Again, I appreciate Your Honor's taking this so properly. Resuming trial tomorrow, Your Honor. We'll hear from the government. Mr. Bagnola. Bagnola, thank you, Your Honor, and may it please the Court. I'd like to start also with a lived experience, which is an update from the first day of court, or at least since the briefs were submitted in this case, which is that Judge Azraq has now set the trial schedule for the first four weeks of trial, and there are 20 days off, including Fridays and weekends, to just eight days on. So in the context of this question about necessity and the ability to prepare for trial, I would respectfully submit to this Court that 20 days out of court, where Mr. Kaplan's team can meet with him and prepare for eight days of trial, does not meet the threshold for necessity. Well, I think Mr. Kaplan's point is, let's assume, are there ever two consecutive days of trial? Only during the second week of the month. All right. Well, nevertheless, as I understand his argument is, when you finish the first day, especially if there's been important testimony elicited, that it's important for him to talk to his client to prepare for the second day. Now, I get your point that we're not dealing with a lot of consecutive days, but nevertheless, why don't you tell me how you respond to what I understand to be his argument? Certainly, Your Honor, and I think that the point that I just made is but one in a more fulsome analysis of whether at the end of the day Judge Azraq is taking appropriate precautions to make sure that Mr. Kaplan is receiving a fair trial. And on that score, I will say that in the government's position, the Court has carefully considered the nature of the discovery and the evidence in this case, and she has made accommodations to ensure that Mr. Kaplan is receiving a fair trial. Among them, after his bail was revoked in November of 2024 and Mr. Kaplan retained new counsel, the Court adjourned the trial from its scheduled date in May all the way until September 8th to allow additional time while Mr. Kaplan was incarcerated to prepare for that trial. On August 21st, after 3,500 material and a witness list were provided, Judge Azraq granted another two-week adjournment to allow counsel to work with their client as they made their way through the witness list, the anticipated witness testimony and the 3,500 material. The Court has ordered the government to provide advance notice of each week's witnesses and the anticipated exhibits they would be offering specifically to allow counsel to focus their preparation efforts with their clients during what Mr. Cohen has said, you know, are subject to logistical constraints. And like I said, the Court is only sitting eight times over the first four weeks of trial. But more pertinently, specifically to the question you asked earlier, Judge Raggi, no other requests for accommodations or court intervention have been made and there's no reason to believe that if made, Judge Azraq would not consider them in good faith. In her August 19th opinion denying bail under 3142-I, she dropped a footnote, footnote 4, where she said, I'm inviting defense counsel to bring any further logistical concerns to the Court's attention. As far as I can tell from this record, no such concerns were raised. May I turn your attention please to the legal question that was raised? Certainly, Your Honor. As I understand Mr. Cohen's argument, it is that there was not a determination, there was another determination relating to bail, but there was not a specific determination relating to 3142-I. And that is a specific, separate basis for release, obviously in connection with preparing for trial. What is your response to that? Well, we certainly agree that 3142-I provides an independent mechanism for pretrial release, but I think the place where I disagree with my friend is whether or not that question exists in a vacuum. And as the Court has already noted, and as the District Court noted, both Judge Wicks and Judge Azraq, the proffered reason necessitating release has to be sufficiently compelling in light of the countervailing factors that led the Court to deny bail in the first place. So I agree this is an independent mechanism to obtain temporary relief, but you cannot simply ignore all the countervailing risks that Mr. Kaplan posed that landed him in jail in the first place. As Judge Radji observed, he was admitted bail in the beginning of this case, he remained at liberty for 14 months, and he used that time to attempt to obstruct justice, intimidate witness, bribe government officials, and commit new crimes. Let's say that since we're in the world of some hypotheticals, let's say that it is crystal clear for whatever reason that continuing to detain a defendant for whatever reason makes it impossible for the attorney counsel to defend it and the defendant him or herself to prepare for their defense. And yet, it's clear that they are flightless. What? I think the Court — How do I get through the language of 3142I? I would respectfully refer the Court to a case that Judge Wicks cited called Stevens where that fact pattern actually bore out. And I think the premise of Your Honor's question presents a different set of facts than the one we're actually dealing with here. No, I understand that, but I'm trying to understand the statute. And I think, as was the case in Stevens, a Southern District case in March of 2020, obviously March of 2020 was significant because it was the onset of the COVID-19 pandemic. And at that moment in time — That's what I'm sort of thinking about. Exactly. And at that moment in time, legal visits were impossible. And the Court said in Stevens, the impossibility of conferring with counsel and preparing for trial is a sufficiently compelling basis under 3142I. That's simply not what we have here. Judge Wicks noted in his opinion that between June and August, Mr. Kaplan's team met with him 22 separate times at the MDC. And as I indicated to the Court, they have another 20 days over the next four weeks of trial to meet with him again. Whether — To go back to that example, which is what I had in mind, then would it be the case that under 3142, is it the government's position that under 3142 it is possible that that would be a basis, an independent basis for releasing someone notwithstanding a separate determination that they pose a risk of flight, say? Yes. As 3142I appears to allow for the possibility that even, as Mr. Cohen said, when someone has been adjudged a flight risk or a danger to the community, there may still be extraordinary circumstances warranting temporary release. My point to this Court is where the line ought to be drawn is not a question in this case because, most respectfully, this wasn't a close call. Adam Kaplan engaged in as many serious violations of pretrial release as somebody awaiting trial can. And I would respectfully— Well, that part of the calculus, let's assume, is not disputed. Nevertheless, the question is whether or not you're able to provide a reasonable opportunity for private consultation with counsel under Section I. Now, I mean, I'm not quite sure I'm clear on what your response is. Is it that the judge has endeavored to do so and that we don't — shouldn't accept counsel's representations that they're inadequate? Or do you have some other argument? It's a combination of those things, Your Honor, which is that the record reflects that these requests for accommodations, to the extent Mr. Cohen can articulate, have not been made below. In contrast, the record reflects that when there have been requests for reasonable accommodations, be it adjournments, be it advance notice of witnesses and exhibits, advance provision of 3,500 material — 3,500 material was produced on August 1st for a September 22nd trial. That's very early compared to normal custom, particularly when the language of the statute says they're not entitled to it until after the witness testifies. And when witnesses have been threatened. And when witnesses have been threatened. You know, one thing that I would have liked to add to my prior statement to the Court is not only has Mr. Kaplan committed as many serious violations of pretrial release as one person can, I submit they are the types of violations that are more dangerous in the middle of trial than less dangerous. Thank you very much. Thanks. Thank you. Thank you, Your Honor. I will be brief. In counsel's response, he continued to conflate 3142I with the other provisions. He said, these were extraordinary circumstances. It wasn't a close call. The language does not say that. It does not say that — Would you agree, Mr. Killen, that it was your client's burden to show that he was entitled to release under 3142I? Yes. And would you also — maybe you'll agree or disagree with this, but would you also agree that the factors that we might consider is some of the things that you answered and that the government answered in connection or in answer to Judge Radji's questions? I — Access to counsel, time to do so, time in preparation for trial to do so. Are those factors that are factors relevant to the 3142I inquiry? I would agree that they're relevant, Your Honor, but on the proceedings below, they were not given sufficient consideration. That's ultimately what you're — It's a question of how the analysis is legally structured. Yes. That's right. That's right. And is that subject to an abuse of discretion, clear error, or what? I would think under — I'm sure there are more recent cases. I'm dating myself. But under the US v. Shacker line of cases, this is a mixed question where the legal question is subject to plenary review. And we would argue that, with respect, we just heard again another 3142F presentation, and I is separate. And we have to focus on what is necessary to prepare for trial. And is it also subject to a harmless error analysis? I don't think so, Your Honor. Because it's a mixed question. Correct. Correct. All right. Thank you very much. Thank you. May I just ask you quickly, Mr. Conner? Does resolution of the motion one way or the other effectively resolve the appeal to — Well, it resolves this motion, right? We're on the motion calendar. Right. But you've also filed an appeal from the bail denial, right?  And I'm just asking whether, effectively, we should combine the two. It would, Your Honor, because if we were — as Your Honor knows, if this was a traditional appeal, we wouldn't have been heard for months. So we have to be heard on the motion calendar.  But effectively, it resolves. That's right. That's right. Okay. Thank you. Thank you very much for your decision.